Filed 2/22/22  Greatway Roofing v. SCCI CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).   This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| GREATWAY ROOFING, INC., | 2d Civ. No. B312872 |
| | (Super. Ct. No. 56-2019- |
| Cross-complainant and Appellant, | 00531872-CU-PO-VTA) |
| | (Ventura County) |
| v. | |
| SCCI, INC. et al., | |
| Cross-defendants and Respondents. | |

The question here is whether cross-defendants are liable for injuries caused by a third party.  The trial court granted cross-defendants' motion for summary judgment on the ground that they did not increase the risk of injury and were not in a special relationship with cross-complainant or the third party who caused the injury.  We affirm the judgment.

FACTS

Greatway Roofing, Inc. (Greatway) contracted to resurface the roof and remove air-conditioning equipment at a premises

owned by a non-party. The roof on the premises contained a number of skylights.

Rod Menzel, the owner of Greatway, created a safety plan for work on the roof. Some of the skylights were covered with wood structures. The uncovered skylights were in a section marked off as "no access."

Alex Luna was an independent contractor working for SCCI, Inc. (SCCI). Greatway contracted with SCCI to provide safety instruction to its employees. On October 9, 2017, Luna was on the jobsite to conduct a workplace safety meeting for Greatway. The topic was slip and fall. Roof safety was not addressed.

After the meeting Menzel asked Luna if he would accompany him to the roof so that Menzel could show him what he put in place as the safety plan for the project. Neither Luna nor SCCI were hired to review Greatway's safety plan. Luna voluntarily agreed to do so.

Luna spent approximately 10 to 15 minutes on the roof. Menzel asked Luna, "What do you think of what we've done?" Luna replied, "You guys did a great job there." Menzel believed Luna was referring to the overall safety plan for the roof.

Ten days later, David Sciuk, an employee of an independent contractor hired by the property owner, was power-washing the roof. Sciuk tripped and fell through a skylight, suffering substantial injuries.

Sciuk sued Greatway and Greatway settled by paying its policy limits. Greatway sued Luna and SCCI for indemnity to recover the amount of the settlement. The action was based on Luna's statement, "You guys did a great job there." Greatway did not allege breach of contract against Luna or SCCI.

*Summary Judgment*

SCCI and Luna moved for summary judgment. While the motion was pending, our Supreme Court decided *Brown v. USA Taekwondo* (2021) 11 Cal.5th 204. Based on *Brown*, the trial court concluded Greatway cannot show SCCI or Luna owed a duty to Greatway or Sciuk. The trial court granted the motion.

DISCUSSION

I

*Standard of Review*

Summary judgment is properly granted only if all papers submitted show there is no triable issue as to any material fact and the moving party is entitled to a judgment as a matter of law. (Code Civ. Proc., § 437c, subd. (c).) The court must draw all reasonable inferences from the evidence set forth in the papers except where such inferences are contradicted by other inferences or evidence which raise a triable issue of fact. (*Ibid.*) In examining the supporting and opposing papers, the moving party's affidavits or declarations are strictly construed and those of his opponent liberally construed, and doubts as to the propriety of granting the motion should be resolved in favor of the party opposing the motion. (*Szadolci v. Hollywood Park Operating Co.* (1993) 14 Cal.App.4th 16, 19.)

The moving party has the initial burden of showing that one or more elements of a cause of action cannot be established. (*Saelzer v. Advanced Group 400* (2001) 25 Cal.4th 763, 768.) Where the moving party has carried that burden, the burden shifts to the opposing party to show a triable issue of material fact. (*Ibid.*) Our review of the trial court's grant of the motion is de novo. (*Id.* at p. 767.)

3.

## II
### *SCCI's Duty to Sciuk*

Greatway contends the trial court erred in concluding SCCI and Luna owed no duty to Sciuk.

In *Brown v. USA Taekwondo*, *supra*, 11 Cal.5th 204, our Supreme Court considered the duty to protect a plaintiff from injuries caused by a third party. The court stated the general rule that a defendant owes a duty of care to the plaintiff only where the defendant created the risk of harm to the plaintiff, including when the defendant is responsible for making the plaintiff's position worse. (*Id.* at p. 214.) An exception to the general rule applies, however, when the defendant is in a " 'special relationship' " with either the victim or the person who created the harm. (*Id.* at p. 215.) In such a case, a defendant may have an affirmative duty to protect the victim from harm caused by a third party. (*Ibid.*) The court stated: "Where the defendant has neither performed an act that increases the risk of injury to the plaintiff nor sits in a relation to the parties that creates an affirmative duty to protect the plaintiff from harm, however, our cases have uniformly held the defendant has no legal duty to the plaintiff." (*Id.* at p. 216.)

Here Luna did not increase the risk of injury. He simply looked at a plan already in place. Nor does Greatway point to a special relationship with Greatway or the victim.

Greatway admits that Menzel created the safety plan. Neither SCCI nor Luna were under contract to do a roof safety inspection or, for that matter, any safety inspections. Their role was limited to giving safety classes. Menzel simply made an informal request that Luna accompany him to look at the safety measures on the roof.

In an effort to manufacture a special relationship, Greatway cites *Peredia v. HR Mobile Services, Inc.* (2018) 25 Cal.App.5th 680. In *Peredia*, the defendant contracted with a dairy to provide services, including assistance in carrying out the dairy's workplace safety obligations. The defendant's duties under the contract included a site safety inspection. A dairy employee was killed when he was hit by a tractor. The parents of the deceased employee brought an action against the defendant service contractor alleging it was negligent in its failure to design and implement a worker safety program and in its failure to educate the workers. The trial court granted the defendant summary judgment on the ground that it owed no duty to the dairy's employees. The Court of Appeal reversed, stating, "A safety consultant is liable to an employee of the firm that hired the safety consultant when the employee establishes the elements of a negligent undertaking claim . . . ." (*Id.* at p. 690.)

In *Peredia*, the defendant was under contract to provide safety consultation. Here there was no contract for a roof safety inspection. We do not suggest that liability to third parties for safety inspections always depends on a contract. There may be instances where an expert safety inspector agrees to conduct a formal safety inspection gratuitously as an accommodation to a client. In such a case, finding a special relationship may be warranted. But that is not this case.

In this case Menzel made an informal request to Luna to go with him to the roof to look at the safety plan. Luna was on the premises to teach a class unrelated to roof safety, not to conduct a safety inspection. Luna accompanied Menzel to the roof, looked around for a few minutes, and declared, "You guys did a great job there."

5.

That is not a safety inspection. That is a cursory look followed by an off-the-cuff gratuitous remark. Greatway cites no authority in which such an informal arrangement has been held to constitute a special relationship.

Greatway points to the statement of its expert that if Luna was not qualified as a safety inspector, he should have refused to accompany Menzel to the roof. But Menzel did not tell Luna he wanted a professional safety inspection. Menzel only said he wanted to show Luna his safety plan. If Menzel wanted Luna to do more than take a casual look, it was Menzel's burden to make it clear to Luna that he wanted a professional inspection.

The undisputed evidence is that if Greatway wanted SCCI to do a professional safety inspection, SCCI would have required a separate retainer and would have billed for its services. That would, no doubt, entail substantial expenditure by Greatway. Greatway did not want a professional safety plan. Menzel created his own safety plan. Greatway did not want a professional safety inspection either. Menzel simply informally asked Luna to take a look. That is not enough to create a special relationship.

## III

### *Further Briefing and Evidence*

Greatway argues the trial court erred in denying him the right to further briefing and to introduce additional evidence.

Greatway claims that after it realized the trial court was relying on *Brown*, it requested the right to provide further briefing. The trial court denied the request. Given that our review is de novo, the court's denial of a request for further briefing is irrelevant.

Greatway also claims the trial court denied it the right to produce further evidence. The evidence was the deposition of Sciuk's employer that this was the first job with multiple skylights his company had ever been on and he was relying on Greatway and SCCI to make the roof safe. The employer also testified that the conditions on the roof were not safe.

But it is irrelevant on whom Sciuk's employer was relying and that the conditions on the roof were unsafe. Neither SCCI nor Luna had a special relationship with Greatway, Sciuk, or his employer.

### DISPOSITION

The judgment is affirmed. Costs are awarded to respondents.

<u>NOT TO BE PUBLISHED.</u>

GILBERT, P. J.

We concur:

PERREN, J.

TANGEMAN, J.

7.

Ronda J. McKaig, Judge

Superior Court County of Ventura

———————————————

Meyers McConnell Reisz Siderman; Reisz Siderman Eisenberg, Frederick S. Reisz and Patrick A. Maher for Cross-complainant and Appellant Greatway Roofing, Inc.

Berman Berman Berman Schneider & Lowary, Evan A. Berman and Howard Smith for Cross-defendants and Respondents SCCI, Inc. and Alex Luna.